1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NOEL ORTEGA,

11          Plaintiff,                    No. CIV S-07-1110 FCD DAD P

12      vs.

13   T. FELKER, et al.,

14          Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  In his complaint, plaintiff alleges that defendants' failure to ensure that he

18   receive proper portions of food while held in solitary confinement at High Desert State Prison

19   violated his rights under the Eighth Amendment.[1]  Before the court is a motion to dismiss filed

20   on behalf of defendants Felker, Low and Smith in which the defendants argue that plaintiff failed

21   to exhaust his administrative remedies prior to filing suit.  Defendant Thompson has filed a

22   notice indicating that he joins in the motion to dismiss.

23   /////

24   /////

25   _____

26          [1] Plaintiff seeks only injunctive relief

1

# THE PARTIES' ARGUMENTS

I. <u>Defendants' Motion</u>

Defendants contend that plaintiff submitted his administrative grievance to the informal and first level of institutional review, but did not seek review at the second level and director's level.  On January 18, 2007, plaintiff filed his grievance concerning the portions of food he was being served while held in solitary confinement (Log. No. HDSP-S-07-0913).  (Mot. to Dismiss at 3.)  That grievance was partially granted at the informal level.  (<u>Id.</u>)  Plaintiff then appealed to the first level where the grievance was partially granted in March 2007.  (<u>Id.</u>)  According to defendants, plaintiff did not seek review at the second level and director's level.  (<u>Id.</u> at 3-4.)   In this regard, defendants have submitted a declaration by M. Ouye, a Correctional Case Records Administrator in Sacramento and custodian of inmate central files for the California Department of Corrections and Rehabilitation.  (<u>Id.</u>, Ex. A at 1.)  Ouye has attached to his declaration a copy of plaintiff's inmate grievance (Log No. HDSP-S-07-0913), dated January 18, 2007.  (<u>Id.</u>, Ex. A, Attach. 1.)  The form indicates that plaintiff submitted his first level appeal on February 25, 2007, and that staff completed their review on March 10, 2007.  (<u>Id.</u>)  However, the section of the form for requesting review at the second level is blank.  (<u>Id.</u>)

Defendants have also submitted the declaration of N. Grannis, Chief of the Inmate Appeals Branch.  (<u>Id.</u>, Ex. B.)  Declarant Grannis states that the Inmate Appeals Branch maintains records of inmate grievances received and accepted for review at the director's level.  (<u>Id.</u>, Ex. B at 1.)  According to Grannis, there is no record that plaintiff's grievance (Log No. HDSP-S-07-0913) was accepted for review at the director's level.  (<u>Id.</u> at 2.)

II. <u>Plaintiff's Opposition</u>

Plaintiff argues that the responses by prison officials to his grievance were untimely and that the appeals coordinator committed fraud to prevent plaintiff from proceeding to the second level of review.  In his own declaration signed under penalty of perjury, plaintiff explains that on January 18, 2007, he submitted his grievance regarding the food portions he was

1    receiving in solitary confinement for informal review.  Although the appeal form with the

2    informal level response was returned to him undated, plaintiff contends that he received the

3    appeal form on February 25, 2007, several days beyond the ten day requirement for providing an

4    informal response.  (Opp'n at 1-2.)  On February 25, 2007, plaintiff submitted the appeal form

5    for first level review.  (<u>Id.</u> at 2.)  According to plaintiff, the form was again returned to him

6    undated.  Contrary to defendants' contention, plaintiff asserts that he received that appeal form

7    on May 6, 2007, the same day he submitted the appeal form for a second level review.  (<u>Id.</u> at 2-

8    3.)  According to plaintiff, the appeals coordinator returned the form back to him with a notation

9    that he had exceeded the time limit for seeking second level review.  (<u>Id.</u>)  In addition, plaintiff

10   contends, the form for the first time reflected a "4/4/07" date in the section of the form headed

11   "Returned Date to Inmate."  (<u>Id.</u> at 3.)  Plaintiff argues that the manner in which his appeals were

12   processed violates "the 5th and 14th Amendment of Due Process and PLRA . . . and right to

13   access to the courts."[2]

14           Based on these facts, plaintiff contends that he exhausted the administrative

15   remedies that were available to him before bringing suit.  (Pl's. P&A (Doc. No. 14) at 8.)

16   Plaintiff argues that when his grievance was improperly "screened out" at the second level, he

17   was "hinder[ed] . . . from moving forward with the administrative appeal process . . . ."  (<u>Id.</u> at 9.)

18   Because it is California Department of Corrections and Rehabilitation policy that a "screened

19   out" grievance cannot be pursued any further, plaintiff argues that he was prevented from fully

20   exhausting the appeals process.  (<u>Id.</u> at 11.)  Plaintiff also argues that because his grievances were

21   partially granted at the informal and first level, the exhaustion requirement was satisfied in any

22   event.  Plaintiff contends without citation to authority that, "[t]he federal court has ruled that in a

23   /////

---

24           [2] Plaintiff's due process and access to court arguments are made solely in his opposition

25   to defendants' motion to dismiss, and were not presented as claims in his complaint.  This action
     is proceeding only on plaintiff's cruel and unusual punishment claim brought under the Eighth

26   Amendment.

1  1983 civil suit a prisoner has fully exhausted his or her administrative remedies when his or her

2  appeal/grievance has been 'partially granted.'"[3]  (Opp'n at 2.)

3          The remainder of plaintiff's opposition concerns the merits of his claims.  In this

4  regard, plaintiff has attached to his opposition copies of an inmate grievances that he submitted

5  on August 28, 2007, November 8, 2007, and September 20, 2007.  (Pl.'s P&A, Ex.s B, E, F.)

6  Because, those administrative grievances were submitted after the complaint in this action was

7  filed, they are not relevant to the court's consideration of the motion to dismiss for failure to

8  exhaust administrative remedies.

9  III.  Defendants' Reply

10          In their reply defendants address the discrepancies between the various inmate

11  appeal forms submitted to the court by the parties.  According to defendants, the inmate appeal

12  form that was attached to defendants' motion to dismiss was obtained from plaintiff's central

13  file.  (Reply at 2.)  They represent that plaintiff's copy of the appeal form came from the prison

14  appeals office.  (Id.)  Defendants have submitted to the court a declaration from Correctional

15  Counselor Jackson who explains that his "4/04/07 LCR" notation on the appeal form indicates

16  that the first-level response was logged, copied, and routed that day.  (Reply, Ex. A (Jackson

17  Decl.), at 2.)  According to Jackson, this means that a copy of the response was placed in the mail

18  for pick up and delivery to the inmate on that date.  (Id.)  It is Counselor Jackson's experience

19  that "mail from Inmate Appeals was picked up and distributed to inmates within 24 hours."  (Id.)

20  Based on Counselor Jackson's declaration, defendants argue that plaintiff received the response

21  to his administrative grievance at the first level on April 4, 2007.  (Reply at 2.)

22          Defendants further argue that plaintiff's "available administrative remedies did

23  not end when his appeal was screened out as untimely at the second level" because he could have

24  re-submitted the appeal to the appeals coordinator.  (Reply at 3.)  Counselor Jackson states in his

25  ───────────────

26    [3]  The court rejects this argument.  It is not supported by any legal authority and it is clear
     from plaintiff's request for second level review that he had not obtained the relief that he sought.

declaration, that if the appeal was resubmitted with an explanation, "the appeals coordinator had discretion to accept the request and assign it for processing at the second-level." (Jackson Decl. at 3.)

As to plaintiff's grievances submitted in August of 2007, and thereafter, defendants point out that those grievances were all submitted after plaintiff filed the complaint in this action on June 11, 2007. (Reply at 2.) Defendants note that exhaustion of administrative remedies must be completed before a prisoner's filing of a lawsuit. (Id.)

**ANALYSIS**

I. Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 83 (2006).

In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal

1    levels of review.  See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, also

2    referred to as the director's level, is not appealable and will conclude a prisoner's administrative

3    remedy.  Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  A California prisoner is

4    required to submit an inmate appeal at the appropriate level and proceed to the highest level of

5    review available before filing suit.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005);

6    Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

7                As noted above the PLRA exhaustion requirement is not jurisdictional but rather

8    creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion.

9    Jones v. Bock, 549 U.S. 199, 216 (2007) ("[I]nmates are not required to specially plead or

10   demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th

11   Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  The defendant bears the

12   burden of raising and proving the absence of exhaustion.  Wyatt, 315 F.3d at 1119.  "In deciding

13   a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the

14   pleadings and decide disputed issues of fact."  Id.  "[I]f the district court looks beyond the

15   pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure

16   closely analogous to summary judgment–then the court must assure that [the prisoner] has fair

17   notice of his opportunity to develop a record."[4]  Id. at 1120 n.14.  When the district court

18   concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is

19   dismissal of the claim without prejudice."  Id. at 1120.  See also Lira v. Herrera, 427 F.3d 1164,

20   1170 (9th Cir. 2005), cert. denied 549 U.S. 1204 (2007).  On the other hand, "if a complaint

21   contains both good and bad claims, the court proceeds with the good and leaves the bad."  Jones,

22   549 U.S. at 221.

23   /////

24   /////

25   _____

26        [4]  Plaintiff was notified of the requirements for opposing a motion to dismiss brought
     pursuant to non-enumerated Rule 12(b).  (Order filed Oct. 25, 2007 at 3-4.)

1   II.  Defendants' Burden of Proving the Absence of Exhaustion

2              As noted above, defendants bear the burden of proving that plaintiff failed to

3   exhaust administrative remedies.  In their motion, defendants contend that plaintiff failed to

4   submit an inmate grievance at the second level and director's level of review.  Defendants'

5   motion was supported by an incomplete inmate appeals form obtained from plaintiff's

6   central file.  Contrary to defendants' INITIAL assertions, it now appears undisputed that plaintiff

7   did seek review of his administrative grievance at the second level.

8              In their reply, defendants attempt to explain the discrepancy and now argue that

9   plaintiff's second-level appeal was untimely and/or should have been resubmitted.  As to the

10   issue of  timeliness, plaintiff offers his declaration under penalty of perjury and defendants offer

11   the declaration of Counselor Jackson who describes the custom and practice for delivering the

12   appeals decision to the inmate.  In this case, the court cannot determine which version of events

13   surrounding the submission of the grievance at the second level is more credible.  Given these

14   circumstances, defendants have not carried their burden of establishing lack of exhaustion.  See

15   Brown v. Castillo, No. 1:02-cv-06018-LJO DLB PC, 2008 WL 1773833, *3 (E.D. Cal. April 15,

16   2008) (defendants failed to carry their burden of proving the absence of exhaustion when the

17   prisoner submitted a declaration under penalty of perjury stating that he submitted a timely

18   appeal regarding his claim); see also Bradley v. McVay, No. 1:04-cv-06128 AWI DLB PC, 2008

19   WL 495732, *3 (E.D. Cal. Feb. 21, 2008) ("in a situation such as this in which the parties offer

20   differing versions of events based on competing declarations, the [exhaustion] issue is one of

21   witness credibility and the Court cannot make that requisite assessment on a motion to

22   dismiss.").

23              The court is also not persuaded by defendants' argument that plaintiff could have

24   and should have resubmitted his inmate appeal that was rejected as untimely.  Although the

25   screening procedures at Title 15, Section 3084.3, lists criteria for rejecting an appeal, there is no

26   specific provision in California providing for the re-submitting a grievance when it is deemed

1   untimely.  See Brown v. Castillo, 2008 WL at *4 ("[T]here is nothing in the [California

2   Department of Corrections and Rehabilitation] administrative grievance system that requires an

3   inmate to appeal a screen-out order.").  In addition, there is no evidence before this court that

4   plaintiff was informed by prison officials or otherwise that he could resubmit his administrative

5   appeal after it was rejected.

6          Therefore, the court finds that defendants have failed to carry their burden of

7   showing non-exhaustion of administrative remedies.

8   III.  Defendants' Failure to Comply with Governing Administrative Procedures

9          It appears from the evidence submitted to this court that plaintiff's administrative

10  grievance at the second level of review was not properly processed.  The applicable regulation

11  provides that when an appeal is rejected, the appeals coordinator "shall complete an Appeals

12  Screening Form, CDC Form 695 (rev. 5-83), explaining why the appeal is unacceptable."  Cal.

13  Code Regs. tit. 15, § 3084.3(d).  See also Jones v. Spaeth, No. 1:07-CV-677-BLW, 2009 WL

14  1325716, *5, n.4 (E.D. Cal May 12, 2009).  Here, no evidence has been presented establishing

15  that plaintiff received the screening form referred to in the regulation when his second level

16  appeal was rejected.

17         Plaintiff has also alleged that the time limitations for processing his inmate

18  appeals were not complied with by prison officials with respect to the administrative grievance in

19  question.  The regulations provide that the response to an informal appeal must be completed

20  within ten working days.  Cal. Code Regs. tit. 15, § 3084.6(b)(1).  Plaintiff's informal appeal was

21  received by the Appeals Office on January 23, 2007.  Defendants do not dispute plaintiff's

22  contention that he did not receive a response until February 25, 2007, over two weeks after the

23  ten-day deadline had passed.  In addition, plaintiff has declared under penalty of perjury that he

24  did not receive a response to his first level appeal until May 6, 2007, or over three and a half

25  weeks after the 30-day deadline for responding to that grievance.  See Cal. Code Regs. tit. 15, §

26  3084.6(b)(2).  Such a failure by prison officials to comply with the applicable procedures for the

1    processing of administrative grievances may provide an exception to the PLRA exhaustion

2    requirement.  See Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (acknowledging a

3    possible exception to the exhaustion requirement when prison officials obstruct the prisoner's

4    attempt to exhaust or when the prisoner is prevented from exhausting because procedures for

5    processing grievances are not followed); see also Martinez v. California, No. 1:07-cv-00996

6    DLB, 2009 WL 649892, at *4 (E.D. Cal. March 11, 2009) (citing cases from other circuits where

7    the failure of prison officials to timely respond to a grievance has been found to render

8    administrative remedies unavailable or such remedies exhausted).

9           The failure of prison officials to comply with the grievance procedures established

10   by state regulation in this case provides an alternate basis for the denial of defendants' motion to

11   dismiss.

12                                        CONCLUSION

13          Accordingly, IT IS HEREBY RECOMMENDED that:

14          1.  Defendants' September 2, 2008 motion to dismiss (Doc. No. 13) be denied;

15   and

16          2.  Defendants be ordered to file their answer.

17          These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19   days after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22   shall be served and filed within ten days after service of the objections.  The parties are advised

23   /////

24   /////

25   /////

26   /////

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 3, 2009.

DAD:4
ort1110.mtd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE