1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NOEL ORTEGA,

11              Plaintiff,                        No. 2:07-cv-1110 FCD KJN P

12        vs.

13   T. FELKER, et al.,

14              Defendants.                 <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel with a civil rights action

17   pursuant to 42 U.S.C. § 1983.   On February 12, 2010, defendants filed a motion for summary

18   judgment.  On June 18, 2008, the court advised plaintiff of the requirements for opposing a

19   motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  <u>See</u> <u>Rand v. Rowland</u>, 154

20   F.3d 952, 957 (9th Cir. 1998) (en banc) and <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th

21   Cir. 1988).  In that same order, plaintiff was advised of the requirements for filing an opposition

22   to the pending motion and that failure to oppose such a motion might be deemed a waiver of

23   opposition to the motion.

24              On April 29, 2010, plaintiff was ordered to file an opposition or a statement of

25   non-opposition to the pending motion within thirty days.  In the same order, plaintiff was

26   informed that failure to file an opposition would result in a recommendation that this action

1

1  be dismissed pursuant to Fed. R. Civ. P. 41(b).  The thirty day period has now expired and

2  plaintiff has not responded to the court's order.

3        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

4  an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

5  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

6  court order the district court must weigh five factors including:  '(1) the public's interest in

7  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

8  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

9  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

10  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

11  F.3d 52, 53 (9th Cir. 1995).

12        In determining to recommend that this action be dismissed, the court has

13  considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

14  support dismissal of this action.  The action has been pending for three years and has reached the

15  stage, set by the court's July 27, 2009 scheduling order, for resolution of dispositive motions and,

16  if necessary, preparation for pretrial conference and jury trial.  (See Scheduling Order, filed July

17  27, 2009.)  Plaintiff's failure to comply with the Local Rules and the court's April 29, 2010 order

18  suggests that he has abandoned this action and that further time spent by the court thereon will

19  consume scarce judicial resources in addressing litigation which plaintiff demonstrates no

20  intention to pursue.

21        Under the circumstances of this case, the third factor, prejudice to defendants

22  from plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose

23  the motion prevents defendants from addressing plaintiff's substantive opposition, and would

24  delay resolution of this action, thereby causing defendants to incur additional time and expense.

25  ////

26  ////

1    The fifth factor also favors dismissal.  The court has advised plaintiff of the

2  requirements under the Local Rules and granted ample additional time to oppose the pending

3  motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

4    The fourth factor, public policy favoring disposition of cases on their merits,

5  weighs against dismissal of this action as a sanction.  However, for the reasons set forth supra,

6  the first, second, third, and fifth factors strongly support dismissal.  Under the circumstances of

7  this case, those factors outweigh the general public policy favoring disposition of cases on their

8  merits.  See Ferdik, 963 F.2d at 1263.

9    For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be

10  dismissed pursuant to Federal Rule of Civil Procedure 41(b).

11    These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

13  one days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

16  objections shall be filed and served within fourteen days after service of the objections.  The

17  parties are advised that failure to file objections within the specified time may waive the right to

18  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED:   June 7, 2010

20

21

22    _Kendall J. Newman_

23    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

24  orte1110.46fr

25

26

3